~~STEVEN J. ROTHANS – State Bar No. 106579~~
~~JILL WILLIAMS – State Bar No. 221793~~
~~CARPENTER, ROTHANS & DUMONT~~
~~888 S. Figueroa Street, Suite 1960~~
~~Los Angeles, CA 90017~~
~~(213) 228-0400 / (213) 228-0401 [Fax]~~
~~srothans@crdlaw.com / jwilliams@crdlaw.com~~

~~Attorneys for Defendants~~

FILED - SOUTHERN DIVISION
CLERK, U.S. DISTRICT COURT

FEB 22 2013

CENTRAL DISTRICT OF CALIFORNIA
BY shy   DEPUTY

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – SOUTHERN DIVISION

| | |
|---|---|
| ALEXANDER PEREZ ALVARADO, a minor, individually and as heir at law and successor in interest to the Estate of ELMER ALEXANDER PEREZ, by and through his Guardian ad Litem, DIANA ALVARADO; ELMER PEREZ ALVARADO, a minor individually as an heir at law and successor in interest to the Estate of ELMER ALEXANDER PEREZ, by and through his Guardian ad Litem, DIANA ALVARADO,<br><br>    Plaintiffs,<br><br>vs.<br><br>THE CITY OF SANTA ANA, et al.,<br><br>    Defendants. | Case No. SACV 12-00328 JGB (ANx)<br><br>[~~Proposed~~] PROTECTIVE ORDER GOVERNING PROFESSIONAL STANDARDS INFORMATION |

IT IS HEREBY ORDERED, following stipulation of counsel, as follows:

This protective order shall govern the disclosure of the administrative interviews of Corporal Manuel Moreno and Officers David Prewett, Tony Lee and Brandon Sontag conducted by the Santa Ana Police Department Professional Standards Bureau in connection with the shooting that gives rise to the lawsuit entitled <u>Alexander Perez Alvarado, etc., et al. v. City of Santa Ana, et al.</u>, bearing

case number SACV 12-00328 JGB (ANx).

1.     The administrative interviews produced by defense pursuant to this protective order (hereinafter collectively "the Protected Recordings"), will be clearly designated prior to the disclosure or production of such Protected Information, and will bear the notation of "Confidential". All Protected Recordings shall be subject to this Protective Order as follows.

2.     Each person receiving any of the Protected Recordings shall not disclose to any person or entity, in any manner, including orally, any of the Protected Recordings, except when used for purposes of this litigation pursuant to this protective order.

3.     The Protected Recordings and all information contained therein, may only be disclosed to the following "qualified" persons:

    (a)    Counsel of record for the parties to this civil litigation;

    (b)    Plaintiffs, the Guardian Ad Litem or similar representative of any plaintiff, and Defendant City of Santa Ana and its employees, including, but not limited to Corporal Manuel Moreno and Officers David Prewett, Tony Lee and Brandon Sontag;

    (c)    Paralegal, stenographic, clerical and secretarial personnel regularly employed by counsel referred to in subparagraph (a); and, investigators, expert witnesses and other persons legitimately involved in litigation-related activities for the counsel of record.

    (d)    Court personnel, including stenographic reporters engaged in such proceedings as are necessarily incidental to preparation for the trial of this action.

4.     The Protected Recordings may be disclosed to the Court and court personnel, in connection with this litigation. Protected Recordings that a party intends to use in support of or in opposition to a pre-trial filing with the Court must be filed in accordance with the Central District of California Local Rules relating to under seal filings, including Local Rule 79-5.

5.    In the event this matter proceeds to trial, to the extent that any of the Protected Recordings are offered into evidence, those Protected Recordings will become public, unless sufficient cause is shown in advance of trial to proceed otherwise.

6.    The court reporter, videographer, and audiographer, if any, who record all or part of the depositions in this matter of any City of Santa Ana employee, including, but not limited to Corporal Manuel Moreno and Officers David Prewett, Tony Lee and Brandon Sontag, which include Protected Recordings or shall be subject to this Order and precluded from providing any portions of the original deposition videotape, audiotape, or exhibits which consist of the Protected Recordings to any persons other than counsel of record, absent order of the court.

7.    Those attending the deposition of any City of Santa Ana employee including, but not limited to Corporal Manuel Moreno or Officers David Prewett, Tony Lee and Brandon Sontag, shall be bound by this Order and, therefore, shall not disclose to any person or entity, in any manner, including orally, any statements relating to information within the Protected Recordings made by such person during the course of said depositions.

8.    At any deposition of the any City of Santa Ana employee, should there be persons in attendance who are not authorized to access to the Protected Recordings, such persons shall be removed from the deposition room at any time any portion of the Protected Recordings are played or read.

9.    The Protected Recordings shall be used solely in connection with the preparation and trial of the within this action <u>Alexander Perez Alvarado, et al. v. City of Santa Ana, et al.</u>, bearing case number SACV 12-00328 JGB (ANx), or any related appellate proceeding, and not for any other purpose, including, without limitation, any other litigation or administrative proceedings or any investigation related thereto.

10. This Order may not be modified unless by written consent of the parties **and** approval of the Court. Any party may move for a modification of this Order at any time.

11. This Order is made for the purpose of ensuring that the Protected Recordings will remain confidential.

12. At the conclusion of this litigation, upon request of defense counsel, plaintiff's counsel shall return all Protected Recordings to Steven J. Rothans, Esq., Carpenter, Rothans & Dumont, 888 S. Figueora Street, Suite 1960, Los Angeles, California 90017. Alternatively, the receiving parties and every other person and/or entity who received the Protected Recordings may destroy all such material and material derived therefrom within thirty (30) calendar days after the conclusion of this case. Additionally, within thirty (30) calendar days after the conclusion of this case, counsel for the receiving parties shall send a signed declaration stating that such material has been destroyed pursuant to this Protective Order.

13. Nothing in this Order shall be construed as authorizing a party to disobey a lawful subpoena issued in another action.

## GOOD CAUSE

The City of Santa Ana submits that GOOD CAUSE exists to preserve the confidentiality of the recordings governed by this stipulation, where the documents consist of portions of police officers' personnel file and private information concerning individuals who are not parties to this litigation. The Santa Ana Police Department has maintained the strictest confidentiality with respect to all of the materials requested (administrative interviews conducted by its Professional Standards Bureau). At no time have any of the requested materials been released to anyone other than the City of Santa Ana Personnel Department and City of Santa Ana City Attorney's Office, including other governmental agencies, except as the City and/or Santa Ana Police Department may have been ordered by other

Courts. It is the defendants' position that disclosure of the records violates the subject peace officer's right to privacy as protected by the California and United States Constitutions. The parties submit that a protective order governing these documents will serve to balance the officer's right of privacy with the plaintiffs' right to discovery in this litigation.

DATED: February 22, 2013

_____
Honorable Arthur Nakazato
United States District Court Magistrate Judge